UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA ORTIZ CALDERON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>　　　　　Respondents. | Case No. 25-cv-06695<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br>Re: Dkt. No. 3 |

Before the Court is Petitioner's *Ex Parte* Motion for Temporary Restraining Order. TRO Mot., ECF No. 3. Petitioner simultaneously filed a Petition for Writ of Habeas Corpus and *Ex Parte* Motion for Temporary Restraining Order against Respondents Acting Field Office Director Polly Kaiser, Acting Director of Immigration and Customs Enforcement Todd M. Lyons, Secretary of the Department of Homeland Security Kristi Noem, and United States Attorney General Pamela Bondi on August 8, 2025. Petitioner asks this Court to (1) order her immediate release from Respondents' custody pending these proceedings, and (2) enjoin Respondents from transferring her out of this District or deporting her during the pendency of the underlying proceedings. *See* Notice of Mot., ECF No. 3. For the foregoing reasons, the TRO is **GRANTED** as set forth below.

**I.      BACKGROUND**

According to the record before the Court, Petitioner is an asylum seeker who fled to the United States from Colombia in 2024.  Petition for Writ of Habeas Corpus ¶ 1, ECF No. 2.  When Petitioner arrived in the United States, "federal agents briefly detained her, determined that she was not a flight risk or danger to the community, and released her on her own recognizance with a notice to appear for removal proceedings in immigration court." *Id*.  "Since then, Petitioner has done everything the government asked her to do: she has diligently attended every immigration court hearing and filed an application for asylum within the one-year filing deadline." *Id*. Petitioner "has no criminal history anywhere in the world." *Id*.

On August 7, 2025, Petitioner attended a hearing in San Francisco Immigration Court.  *Id*. ¶ 2.  At the hearing, the government moved to dismiss its case seeking Petitioner's removal.  *Id*.  The presiding judge gave Petitioner time to respond to the motion and set a further hearing for September 4, 2025.  *Id*.  Minutes after Petitioner exited the courtroom, three Department of Homeland Security agents arrested Petitioner.  *Id*. ¶¶ 3, 61.  They did not present a warrant, and incorrectly told Petitioner "that her case had been dismissed" by the immigration judge.  *Id*. ¶ 3. Petitioner is currently being detained at 630 Sansome Street in San Francisco, California.  *Id*. ¶ 11.

On August 8, 2025, this Petition was filed.  Petitioner contends that her arrest and detention violate the Due Process Clause of the Fifth Amendment, both substantively (because Respondents allegedly have no valid interest in detaining her) and procedurally (because she was not provided with a pre-detention bond hearing).

**II.     LEGAL STANDARD**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)).  A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense*

2

*Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

### III. DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a temporary restraining order without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner's counsel has set out specific facts in a declaration showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Additionally, counsel states that he attempted to contact the Civil Division Chief at the U.S. Attorney's Office for the Northern District of California on August 7, 2025, and provided a copy of Petitioner's habeas petition by email on August 8, 2025. *See* De Bremaeker Decl. ¶¶ 7-8, ECF No. 3-3; *see also* Fed. R. Civ. Pro. 65(b)(1)(B).

Petitioner has demonstrated a likelihood of success on the merits of her claim that her ongoing detention violates her procedural due process rights under the Fifth Amendment. The Due Process Clause entitles Petitioner to a bond hearing before an immigration judge prior to any arrest or detention. *See, e.g.*, *Pablo Sequen v. Kaiser*, No. 25-cv-06487-PCP, 2025 WL 2203419, at *2 (N.D. Cal. Aug. 1, 2025) (collecting cases).

3

Petitioner has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Petitioner faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.' " *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (cleaned up). "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a pre-detention hearing is "likely unconstitutional," that she has "also carried [her] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district and others have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Petitioner if it ultimately demonstrates, by clear and convincing evidence, that her detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854 (N.D. Cal. June 14, 2025). The government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). "Faced with . . . a conflict between minimally costly procedures and preventable human suffering, [the Court has] little difficulty

1  concluding that the balance of hardships tips decidedly in plaintiffs' favor." *Singh v. Andrews*,
2  No. 25-cv-00801, 2025 WL 1918679, at *9 (E.D. Cal. July 11, 2025) (quoting *Hernandez*, 872
3  F.3d at 996) (cleaned up).
4        A TRO immediately releasing Petitioner is appropriate here to return her to the status quo.
5  *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status
6  which preceded the pending controversy." *Doe v. Noem*, No. 25-cv-00633, 2025 WL 1141279, at
7  *9 (W.D. Wash. Apr. 17, 2025) (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210
8  (9th Cir. 2000)). That is the moment prior to her likely illegal detention. *See Kuzmenko v.
9  Phillips*, No. 25-cv-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a
10 temporary restraining order requiring immediate release of the petitioner back to home
11 confinement from custody, as a restoration of the status quo).
12       Because Petitioner satisfies all requirements for temporary injunctive relief and such relief
13 is necessary to restore the status quo, the TRO Motion is granted as detailed below. This Order
14 accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*,
15 *Garro Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025)
16 (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond
17 hearing before re-arrest), converted to preliminary injunction at __ F. Supp. 3d __, 2025 WL
18 2084921 (N.D. Cal. July 24, 2025); *Singh*, 2025 WL 1918679, at *10 (granting preliminary
19 injunction); *Doe v. Becerra*, No. 2:25-cv-647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar.
20 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting
21 temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out
22 of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June
23 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-
24 detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW,
25 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).
26       Because "there is no realistic likelihood of harm to the [Respondents] from enjoining
27 [their] conduct," *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003), no security is needed
28 to ensure that Respondents will be reimbursed for "costs and damages sustained by . . . hav[ing]

5

1  been wrongfully enjoined or restrained," Fed. R. Civ. P. 65(c).  The Court exercises its discretion

2  under Rule 65(c) to dispense with the filing of bond.  *Jorgensen*, 320 F.3d at 919.

## IV. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's *Ex Parte* Motion for Temporary Restraining Order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter.  Respondents are **ORDERED** to immediately release Petitioner from Respondents' custody and **ENJOINED AND RESTRAINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing her from the United States.[1]  This Order shall remain in effect until **Friday, August 22, 2025, at 5:00 p.m.**

The Petition for Writ of Habeas Corpus, Motion for Temporary Restraining Order, and this Order **SHALL** be served on Respondents such that they receive actual notice as soon as practicable, and Petitioner shall file proof of such service by no later than **Saturday, August 9, 2025**.  Respondents shall provide a status report confirming Petitioner's release by **Sunday, August 10, 2025**.

Respondents are **ORDERED TO SHOW CAUSE** in-person on **Friday, August 22, 2025, at 1:00 p.m.** why a preliminary injunction should not issue.  Respondents shall file a response to Petitioner's motion by no later than **Friday, August 15, 2025**.  Any reply shall be filed by **Tuesday, August 19, 2025**.

**IT IS SO ORDERED.**

Dated: August 8, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] Petitioner also asks the Court to order that she remain within the Northern District of California in order to preserve this Court's jurisdiction, but it is well-established that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).